INGRAM, Judge.
The dispute in this case is over a certificate of deposit (CD) not provided for in the court’s divorce decree of May 1986. After a hearing upon the husband’s motion to determine the ownership of that CD, the court held the wife not entitled to it and “found at the time of the entry of the Final *268 Judgment of Divorce, such to be monies divided prior to the time of the divorce and held in trust for the benefit of grandchildren.” The wife then moved for a rehearing of that judgment, alleging fraud by the husband. To her motion was attached an affidavit of her daughter which attempted to put before the trial court evidence that the wife purchased this CD with money she inherited from her (the wife’s) father. The court ordered that a hearing would be held on the wife’s motion, but stated that it did not “intend to relitigate the facts related to such in that such have been tried or could have been tried during the two previous hearings.” The hearing was held and the wife’s motion denied. She appeals.
The wife’s main contention is that the CD was purchased with money she inherited and is thus her separate property not subject to the court’s distribution of property pursuant to a divorce decree.
The record shows that the amount of the CD at maturity was $3,297. The CD was issued in the name of the wife and the husband’s son as trustees of the CD for the benefit of the husband’s grandchildren. In ordering a hearing upon the wife’s motion, the court stated that “there is no question but that the [husband] forged the [wife’s] signature to the First Alabama Bank of Dothan certificate of deposit and cashed it.” It went on to state, in effect, that the husband’s forgery did not change the fact that the true beneficiaries of the CD were the husband’s grandchildren and that the wife’s only claim to the CD was as a fiduciary, not an owner. The court’s order also recited that it had previously found that the wife was not entitled to the CD in that such property was divided by the parties prior to the time of the divorce and was held in trust for the benefit of the grandchildren.
The record further shows that the funds from the CD were reinvested by the husband’s son for the benefit of the husband’s grandchildren. It also shows that the CD was in the possession of the husband at the time he cashed it and would seem to have been delivered to him by the wife shortly after its issuance.
On grounds of fraud the wife sought payment from the bank which cashed the CD on the husband’s fraudulent endorsement. That bank sought repayment by the husband, and there is currently a claim against the husband for $3,297.
The only new evidence which the wife presented at the hearing on her motion concerned the actual amount of her inheritance and the source of the funds that purchased the CD in question. This new evidence contradicted her testimony at the earlier hearings. It would seem, in any event, to be immaterial, since the question of who had title to the CD had already been litigated. It was determined by the court at trial that the parties had agreed to purchase a CD to fund a trust for the husband’s grandchildren. True, the wife’s name was on that CD, but only as a trustee. Thus, even putting the best face on the wife’s current petition, the. result does not change. The question of what money was used to purchase the CD does not alter the contractual nature of the document as evidenced on its face. The court’s factual determination of who owns the CD based upon several hearings is not due to be disturbed.
The case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.